FRANÇOIS MICHEL COSNIER *v.* DANIEL GOLDING.

The master of a vessel is answerable for the baggage and effects of a passenger delivered to him, and not restored, nor accounted for.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *Barthe*, for the plaintiff.

*Culbertson* and *Schmidt*, for the appellant.

MORPHY, J. This action is brought to recover $890 50, the alleged value of the plaintiff's baggage and effects put on board of the schooner Hero, commanded by the defendant. The petition charges that, on the 16th of July, 1842, the plaintiff, being then in Havanna, engaged and paid his passage for New Orleans on board of this schooner, and was informed by the captain that she would sail on the 19th; that on the 18th, plaintiff sent on board his baggage, consisting of a large trunk and cedar box, a mahogany box, a night bag, hat case, &c.; that this baggage was received by the defendant himself, who then informed plaintiff that the Hero would sail only on the 20th of July, and that it would be sufficient for him to be on board that very day, at 6 o'clock in the morning; that nevertheless the Hero sailed on Tuesday, the 19th, without any further notice to the plaintiff, who remained in Havanna; that the baggage was seen on board of the Hero during the voyage to New Orleans, but was not to be found on board in this port; and that the defendant now denies having ever received it on board. The defendant avers that he has no knowledge of the facts alleged, and pleads the general issue. There was a judgment below in favor of the plaintiff, and the defendant appealed.

This case turns entirely on a question of fact. After a careful

examination of the evidence, we think that it preponderates in favor of the plaintiff, and sustains the judgment appealed from. Two witnesses testify that the effects claimed were put on board of the schooner Hero in Havanna, and taken charge of by the captain ; that the Hero having sailed sooner than had been announced, the plaintiff, not being able to reach her, was obliged to take passage on board of another vessel. One of the passengers of the Hero from Havanna to New Orleans, declares, that he saw the baggage in question during the voyage, and fully describes it, and that it was claimed by no one, and remained untouched during the whole voyage. The value of the contents of the trunk and boxes is proved, as nearly as can reasonably be expected under the circumstances of the case. Two persons who aided the plaintiff in packing up his effects in Havanna, and had frequently seen them in his room, testify to the correctness of a bill made out by the plaintiff of all the articles, and declare that the prices affixed to them are moderate. In the trunk there was a large quantity of fine wearing apparel ; and in the boxes, books and valuable mathematical instruments. The value of the last mentioned articles is also proved by another witness, an engineer by profession.

There exists between the testimony of these witnesses and those of the defendant, contradictions on several circumstances, which have been relied on with a view to show that the plaintiff is mistaken as to the vessel on board of which he put his baggage. These contradictions, and the negative testimony of persons who did not see the things put on board, cannot out-weigh and destroy the positive and explicit declarations of the plaintiff's witnesses, that they took the baggage on board, and delivered it to the defendant, and that they recognize in this port both the schooner and the captain they had seen in Havanna ; and their testimony is corroborated by that of a passenger who saw the plaintiff's baggage on board during the voyage. Unless these witnesses are altogether disbelieved, the plaintiff must recover. We cannot consider them as suspicious characters, or as unworthy of belief, because it is proved that they left Havanna without passports, when they probably knew that none would be required of them on their arrival here.

*Judgment affirmed.*